**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

|  |
|---|
| STATE OF ARIZONA, *et al.*, |
| Plaintiffs, |
| v. |
| ROBERT F. KENNEDY, JR., *et al.*, |
| Defendants. |

Case No. 3:26-cv-01609-VC

**Joint Case Status Report**

### I.     Case posture.

This is a case under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, in which fourteen Plaintiff States and the Governor of Pennsylvania challenge (1) the Childhood and Adolescent Immunization Schedule adopted by the Centers for Disease Control and Prevention ("CDC") on January 5, 2026, (2) the appointments to the Advisory Committee on Immunization Practices ("ACIP") by Secretary of Health and Human Services ("HHS") Robert F. Kennedy, Jr., and (3) the reconstituted ACIP's Hepatitis B immunization recommendations that the CDC adopted in December 2025. Defendants are Secretary Kennedy, HHS, the CDC, and CDC Acting Director Jayanta Bhattacharya.

Defendants intend to move to dismiss the complaint for lack of subject-matter jurisdiction. As an alternative if the motion to dismiss is not granted in full, Defendants intend to move to stay this case until the district court enters final judgment in *American Academy of Pediatrics v. Kennedy*, No. 1:25-cv-11916-BEM (D. Mass.). Plaintiffs intend to oppose both motions and to move for summary judgment as soon as practicable after receiving the administrative record. As discussed below, the parties disagree about when the administrative record should be produced.

**II.      Issues to be addressed at status conference.**

    **A.  Timing of dispositive briefing and production of administrative record.**

        **1.  Plaintiffs' position.**

Under the Civil Local Rules, "defendant[s] must serve and file an answer, together with a certified copy of the transcript of the administrative record" within 90 days of service of the complaint and summons in an APA case. Civ. L.R. 16-5. And then "plaintiff[s] must file a motion for summary judgment" on which the case will be resolved. *Id*.

Because APA cases must be resolved on summary judgment, judicial efficiency militates strongly towards resolving all disputed issues through cross-summary judgment briefing. But if Defendants insist on filing a motion to dismiss, neither the deadline for their production of the administrative record (June 2, 2026), nor Plaintiffs' ability to file a summary judgment motion shortly thereafter, should be stayed while the motion to dismiss is pending.

To start, there is no provision in Civ. L.R. 16-5 for a stay of the 90-day AR production deadline while a motion to dismiss is pending. Rather, an extension of "the deadlines in Civil Local Rule 16-5" is appropriate only for "good cause." *Ledwidge v. Fed. Deposit Ins. Corp.*, No. 5:24-CV-08352-BLF, 2025 WL 823269, at *2 (N.D. Cal. Feb. 19, 2025). Good cause is lacking here for multiple reasons.

*First*, unlike in *Ledwidge*—where the federal defendant demonstrated that gathering the administrative record would impose "a significant burden," *id.*—any purported burden here is minimal or nonexistent because Defendants are already collecting and producing the relevant administrative record in the *AAP* case. Dkt. 295 at 3-5 (producing record relating to the January 2026 immunization schedule changes, the reconstitution of ACIP, and the December 2025 hepatitis B recommendation); Dkt. 311 (declining to stay case pending Defendants' appeal of preliminary injunction order). To produce the record here, Defendants simply need to give

Plaintiffs a copy of the materials that they have already gathered and reviewed.  Thus, contrary to Defendants' contention below, withholding the record does not promote judicial efficiency or conserve Defendants' resources—rather, it merely deprives Plaintiffs of the opportunity to timely prepare their merits case.

*Second*, the complaint in this case challenges Defendants' radical departure from the evidence-based childhood vaccination schedule. Plaintiffs allege—with support from leading medical experts and health agencies across the country—that the action poses a grave threat to public health, while imposing senseless burden, disruption, and expense on states. While waiting a bit longer for the administrative record in a lawsuit against the Federal Deposit Insurance Corporation may not have prejudiced the plaintiff in *Ledwidge*, *see* 2025 WL 823269, at *2, delay here has serious public health implications. And contrary to Defendants' assertion below, the relief entered in *AAP* does not reliably protect the Plaintiffs in this action. As Defendants acknowledge, that relief is only preliminary, and Defendants are appealing it. *AAP* Dkt. 306. Further, there are regular reports about new actions by Defendants that underscore the need for a final, definitive order. *See e.g.,* CDC, *ACIP Charter* (Apr. 1, 2024), https://www.cdc.gov/acip/downloads/acip-charter.pdf (promulgating new ACIP charter); Advisory Committee on Immunization Practices (ACIP); Notice of Charter Re-Establishment, 91 Fed. Reg. 29139 (May 19, 2026) (withdrawing new charter). And in any event, as discussed below, different plaintiffs with different interests are entitled to protect those interests through their own litigation.

This case, moreover, can (and should) proceed more expeditiously than the *AAP* case. In *AAP*, Defendants filed a motion to dismiss on standing grounds that the court denied. Dkt. 145, 168. Defendants then raised standing (among other issues) a second time in opposition to

plaintiffs' motion for a preliminary injunction. Dkt. 232. After the court entered injunctive relief against Defendants, they stipulated to a schedule to produce the administrative record. Dkt. 291, 295. Then, 38 days after entry of the preliminary injunction, Defendants moved to stay the case and to be relieved of producing portions of the record that they had agreed to produce. Dkt. 291, 304, 311. The court denied the motion to stay as soon as it was fully briefed. Dkt. 311. And finally, 44 days after entry of the preliminary injunction against them, Defendants filed a notice of appeal. Dkt. 291, 306. While Defendants are free to litigate their cases as they see fit within the rules, this Court should exercise its discretion to mitigate unnecessary delay by ordering the timely production of the administrative record. The Court should also discourage repetitive litigation of the same issues (e.g., standing) in multiple briefs in this case, particularly given that standing issues on a Rule 12(b)(1) motion and on summary judgment may essentially be identical.

*Third*, in the *AAP* case, Defendants appear to have produced a relatively small volume of documents and to have withheld official documents as confidential. *See* Dkt. 295 at 3 (representing that nearly 100,000 pages of materials concerning ACIP's reconstitution had been collected); Dkt. 310 at ep 23-25 (producing fewer than 500 documents concerning reconstitution and withholding relevant correspondence and memoranda).[1] If there are issues concerning the record's sufficiency to be litigated, it is all the more imperative that it be timely produced in this case so that Plaintiffs can begin analyzing and assessing it.

Subject to the administrative record's volume and completeness, Plaintiffs' preference would be to fully brief a summary judgment motion, and to have this motion heard concurrently

---

[1] The collection and production volume relating to the other two challenged actions is not publicly available at the time of this filing.

with any motions that Defendants file. But at a minimum, the administrative record should be timely produced as required by Civ. L.R. 16-5 so that Plaintiffs may begin reviewing it and evaluating when it will be feasible to move for summary judgment.

### 2. Defendants' position.

Defendants will move to dismiss the complaint for lack of subject-matter jurisdiction. Their motion will set forth a number of threshold defenses, including that Plaintiffs lack standing and that the challenged actions are "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Defendants' standing arguments are even stronger than in *AAP*. Unlike in *AAP*, where the plaintiffs are healthcare organizations and individuals, here the plaintiffs are States, with alleged injuries that provide an even weaker claim to standing. As an alternative if the motion to dismiss is not granted in full, Defendants will move to stay this case until the district court enters final judgment in *AAP*. The *AAP* plaintiffs assert the same claims against the same actions as Plaintiffs here. Moreover, the preliminary relief entered in *AAP* more than two months ago, on March 16, already protects Plaintiffs here at least on a preliminary basis, suggesting that these duplicative proceedings are unnecessary. *See Am. Acad. of Pediatrics v. Kennedy*, No. 25-11916-BEM, 2026 WL 733828, at *22 (D. Mass. Mar. 16, 2026). Contrary to Plaintiffs' allegations, staying these proceedings would have no impact on Plaintiffs while the preliminary relief order in *AAP* remains in place. Although Plaintiffs reference "new actions by Defendants," such actions are not challenged here and so are irrelevant to the analysis.

The default deadlines in Civil Local Rule 16-5 should be extended until after the Court resolves Defendants' motion to dismiss and motion to stay. As an initial matter, it is not clear that, as Plaintiffs claim, Civil Local Rule 16-5 requires production of the administrative record on June 2, 2026. Rule 16-5 provides that the administrative record should be produced "together with" the answer, yet Defendants will file a motion to dismiss in lieu of an answer. Moreover,

there is no reason to require Defendants to produce the administrative record on June 2, 2026. Plaintiffs will not need the administrative record to respond to Defendants' motion to dismiss, which will raise threshold jurisdictional issues, and the Court will not need the administrative record to resolve that motion. Similarly, the administrative record will not be necessary to brief or resolve Defendants' motion to stay.

Additionally, the "good cause" standard for extending time under Federal Rule of Civil Procedure 6(b)(1) is easily satisfied. "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). In the Ninth Circuit, "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith . . . or prejudice to the adverse party." *Id.* (cleaned up); *see also Dual Diagnosis Assessment & Treatment Ctr. Inc. v. Cal. Dep't of Health Care Servs.*, No. 2:13-cv-06935-SVW-AJW, 2015 WL 13764909, at *2 (C.D. Cal. Sept. 8, 2015) ("Generally, courts will find good cause unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused prior extensions." (quotations omitted)).

There is good cause to defer production of the administrative record and summary judgment briefing because the Court should first resolve Defendants' threshold jurisdictional objections. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotations omitted)).

The requested extension would also be efficient and conserve judicial and party resources. If the Court agrees with Defendants that it lacks subject-matter jurisdiction over all of

6

Plaintiffs' claims, this case will be dismissed in its entirety. And if the Court grants Defendants' motion in part, that could narrow the scope of this case and thus change the contents of the administrative record and the issues on summary judgment. Thus, it would be inefficient for Defendants to produce the administrative record and the parties to brief and the Court to decide summary judgment motions before the Court resolves Defendants' motion to dismiss. *See Ledwidge v. Fed. Deposit Ins. Corp.*, No. 5:24-CV-08352-BLF, 2025 WL 823269, at *2 (N.D. Cal. Feb. 19, 2025) ("there is good cause to extend the deadlines in Civil Local Rule 16-5" because it would "be an inefficient use of judicial and party resources to require the [defendant] to . . . address a motion for summary judgment before the Court has the opportunity to decide the recently filed motion to dismiss"); Fed. R. Civ. P. 1 (courts should "secure the just, speedy, and inexpensive determination of every action and proceeding"). Although Plaintiffs argue that Defendants could raise their jurisdictional objections on summary judgment, that ignores the efficiency of a motion to dismiss: potentially dismissing this case or narrowing the issues before the parties must expend resources on summary judgment briefing.

It would also be inefficient for the record to be produced and for the case to proceed to summary judgment before the Court resolves Defendants' motion to stay. The point of the stay motion is to avoid the inefficiency of litigating two largely identical cases in parallel. If the administrative record is produced and the case proceeds to summary judgment before Defendants' stay motion is resolved, the efficiencies to be gained by a stay will be lost.

The requested extension would not prejudice Plaintiffs (or the public) because, as noted, they are protected by the preliminary relief entered in *AAP*. *See Ahanchian*, 624 F.3d at 1259. The *AAP* court stayed all the actions challenged here: (1) the Childhood and Adolescent Immunization Schedule adopted by CDC on January 5, 2026, (2) Secretary Kennedy's ACIP

7

appointments, and (3) the ACIP's Hepatitis B immunization recommendations adopted by CDC in December 2025. *Am. Acad. of Pediatrics*, 2026 WL 733828, at \*22. Because that preliminary relief protects Plaintiffs from any harm, there is no need to rush to summary judgment before resolving Defendants' motion to dismiss and motion to stay. Moreover, even if the Court denies Defendants' motions and this case reaches final judgment a few months later than it would under Plaintiffs' proposed schedule, that modest delay does not show prejudice. *See Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009).

### B.   Schedule for motion to dismiss and motion to stay.

#### 1.   Plaintiffs' position.

If Defendants go forward with motions to dismiss and/or stay this case, Plaintiffs have no opposition to their proposed briefing schedule, subject to two caveats.

*First*, the hypothetical prospect of a stay should not be grounds for any delay before the court rules on the motion for stay. In particular, as discussed previously, the administrative record should be produced on June 2, as contemplated by Civ. L.R. 16-5. While this would be sensible in advance of even a valid stay request, controlling Ninth Circuit authority establishes that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109-10 (9th Cir. 2005) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). Defendants assert that *AAP* will not settle the rule of law that defines Plaintiffs' rights in this case, but that misses the point. If Plaintiffs "stand aside" in this case and the court in *AAP* fails to enter permanent injunctive relief (or relief is reversed on appeal), Plaintiffs' rights will unequivocally have been prejudiced.

Courts in this Circuit therefore have consistently rejected stay requests motivated by a defendant's preference not to litigate in two federal forums. *See, e.g. Nat'l TPS All. v. United*

8

*States Dep't of Homeland Sec.*, No. 25-CV-01766-EMC, 2026 WL 1113716, at *1-2 (N.D. Cal. Apr. 24, 2026) ("being required to defend a suit, without more, does not constitute a clear case of hardship or inequity" for defendants, while delay in final judgment would be "a significant hardship" for plaintiffs) (cleaned up). And this is "especially true" where, as here, a state plaintiff "asserts interests different from private plaintiffs." *Karnoski v. Trump*, No. C17-01297MJP, 2017 WL 11434151, at *1 (W.D. Wash. Nov. 20, 2017) (state should not be "deprive[d] … of an injunction supported by interests not present in" private litigation). Further, contrary to Defendants' contention below, *AAP* is not "much further along" than this case. Plaintiffs did not seek preliminary relief in this case. And while Defendants' ongoing conduct prompted multiple amendments to the complaint in *AAP*, Plaintiffs here have no present plans to amend. Absent Defendants' refusal to address jurisdictional issues through cross-summary judgment briefing, this case could easily be *ahead* of *AAP*; regardless, Defendants' effort to prolong this litigation provides no basis to also stay it.

Plaintiffs will more fully brief their opposition to a stay request when appropriate, and they should not be prejudiced in the interim.

*Second*, the Court should defer setting oral argument on Defendants' motions until Plaintiffs have had an opportunity to review the administrative record and to evaluate whether it would be feasible to file a summary judgment motion for hearing at the same time. Thereafter, the parties would either stipulate to a proposed oral argument date or bring their disagreement to the Court for resolution.

### 2. Defendants' position.

The parties have agreed to consolidate briefing on Defendants' motion to dismiss and motion to stay on the following schedule:

9

June 2, 2026          Defendants' consolidated opening brief

June 30, 2026        Plaintiffs' consolidated opposition

July 21, 2026        Defendants' consolidated reply

Defendants request that the Court hear argument on their motion to dismiss and motion to stay at the Court's earliest convenience after those motions are fully briefed. Plaintiffs' proposal to defer oral argument until the administrative record is produced (and possibly until after summary judgment is briefed) is improper because, as discussed above, Defendants should not be required to produce the administrative record or brief summary judgment until after the Court resolves their motion to dismiss and motion to stay.

Defendants' briefing will explain why, if the Court does not dismiss this case in its entirety, it would be inefficient to litigate this case before the district court in *AAP* resolves the identical claims presented there. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). *AAP* was filed nearly a year ago, in July 2025, and is much further along, with the complaint amended four times, motion-to-dismiss proceedings resolved in January 2026, and preliminary relief entered in March. The proceedings in *AAP* may inform how this case proceeds if this Court denies the motion to dismiss.

Plaintiffs' citation of *Lockyer* is inapposite because the District of Massachusetts' decision in *AAP* will not "settle[] the rule of law that will define [Plaintiffs'] rights." 398 F.3d at 1109–10 (quoting *Landis*, 299 U.S. at 255). Moreover, because the preliminary relief in *AAP* protects Plaintiffs from any harm during a stay, Defendants are not required to "make out a clear case" that they face "hardship or inequity." *Nat'l TPS All.*, 2026 WL 1113716, at *1 (quoting

10

*Lockyer*, 398 F.3d at 1112). Similarly, unlike in *Karnoski*, Plaintiffs do not seek a preliminary injunction, and they are fully protected by the preliminary relief in *AAP*. Although Plaintiffs speculate they could later be prejudiced if the district court in *AAP* fails to enter permanent injunctive relief, that is irrelevant because the requested stay would terminate upon the district court's final judgment.

### C. Motion page limits.

#### 1. Plaintiffs' position.

Plaintiffs take no position on Defendants' page-limit requests for the consolidated briefing.

#### 2. Defendants' position.

Because each brief will address two motions, Defendants respectfully request that the Court extend the page limits for the briefs as follows: 25 pages for Defendants' consolidated opening brief, 25 pages for Plaintiffs' consolidated opposition, and 15 pages for Defendants' consolidated reply. These proposed page limits, which are the default under Civil Local Rule 7, will result in a lower total page limit across all briefs than if the parties filed separate briefs on the motion to dismiss and motion to stay using the page limits in paragraph 35 of the Standing Order for Civil Cases Before Judge Vince Chhabria (i.e., 65 total pages instead of 80 total pages).

| | |
|---|---|
| May 22, 2026 | Respectfully submitted, |
| **KRISTIN K. MAYES**<br>Attorney General for the State of Arizona | BRETT A. SHUMATE<br>Assistant Attorney General |
| /s/ *Clinten N. Garrett*<br>Joshua D. Bendor*<br>*Solicitor General* | ERIC J. HAMILTON<br>Deputy Assistant Attorney General |
| | ERIC B. BECKENHAUER |

Clinten N. Garrett*
Syreeta A. Tyrell*
Alexa G. Salas*
*Assistant Attorneys General*
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004
Joshua.Bendor@azag.gov
Clinten.Garrett@azag.gov
Syreeta.Tyrell@azag.gov
Alexa.Salas@azag.gov

*Attorneys for the State of Arizona*

**ROB BONTA**
Attorney General for the State of California

/s/ *Katherine Milton (with permission)*
Katherine Milton
Deputy Attorney General
Neli Palma
Senior Assistant Attorney General
Kathleen Boergers
Nimrod P. Elias
Supervising Deputy Attorneys General
Marnie G. Ganotis
Deputy Attorney General
455 Golden Gate Avenue
San Francisco, CA 94102-7004
(415) 229-0118
katherine.milton@doj.ca.gov
Neli.Palma@doj.ca.gov
Kathleen.Boergers@doj.ca.gov
Nimrod.Elias@doj.ca.gov
Marnie.Ganotis@doj.ca.gov

  *Counsel for the State of California*

Assistant Director

JAMES W. HARLOW
Senior Trial Counsel

/s/ *Isaac C. Belfer (with permission)*
ISAAC C. BELFER (D.C. Bar No. 1014909)
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
(202) 305-7134
(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov

*Counsel for Defendants*

**Additional Plaintiffs' Counsel**

**PHILIP J. WEISER**
  Attorney General for the State of Colorado

**WILLIAM TONG**
Attorney General of Connecticut

/s/ David Moskowitz (with permission)
David Moskowitz*
Deputy Solicitor General
Nora Passamaneck*
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
david.moskowitz@coag.gov

*Attorneys for the State of Colorado*


**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

/s/ *Vanessa L. Kassab (with permission)*
Ian R. Liston*
Director of Impact Litigation
Vanessa L. Kassab*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Attorneys for Plaintiff State of Delaware*


**ANTHONY G. BROWN**
Attorney General of Maryland

/s/ Michael Drezner (with permission)
Michael Drezner*
 Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-6959
mdrezner@oag.state.gov

/s/ Shawn L. Rutchick (with permission)
Shawn L. Rutchick*
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5210
Shawn.Rutchick@ct.gov

*Attorneys for Plaintiff State of Connecticut*


**AARON M. FREY**
Maine Attorney General

/s/ Kendall R. Schutzer (with permission)
Kendall R. Schutzer*
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333
Tel.: 207-626-8452
Fax: 207-287-3145
Kendall.Schutzer@Maine.gov

*Attorneys for Plaintiff State of Maine*


**DANA NESSEL**
Attorney General of Michigan

/s/ Neil Giovanatti (with permission)
Neil Giovanatti*
*Assistant Attorney General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov

13

*Counsel for the State of Maryland*

*Attorney for the State of Michigan*

**KEITH ELLISON**
Attorney General for the State of Minnesota

*/s/ Jennifer Moreau (with permission)*
Jennifer Moreau*
Brian S. Carter**
Assistant Attorneys General
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 757-1195
jennifer.moreau@ag.state.mn.us
brian.carter@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

**JENNIFER DAVENPORT**
Attorney General of New Jersey

*/s/ Joshua P. Bohn (with permission)*
Joshua P. Bohn*
Kevin Bui*
Amanda McElfresh*
*Deputy Attorneys General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
(609) 696-5366
Joshua.Bohn@law.njoag.gov
Kevin.Bui@law.njoag.gov
Amanda.McElfresh@law.njoag.gov

*Counsel for the State of New Jersey*

**RAÚL TORREZ**
New Mexico Attorney General

*/s/ Justin McCarthy (with permission)*
Justin McCarthy*
Assistant Solicitor General
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
(505) 629-7741
jmccarthy@nmjoj.gov

*Attorney for State of New Mexico*

**DAN RAYFIELD**
Attorney General of Oregon

*/s/ Scott P. Kennedy (with permission)*
Scott P. Kennedy*
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
Scott.Kennedy@doj.oregon.gov

*Attorneys for Plaintiff State of Oregon*

**PETER F. NERONHA**
Attorney General of Rhode Island

*/s/ Kathryn T. Gradowski (with permission)*
Kathryn T. Gradowski*

**JOSHUA L. KAUL**
Attorney General of Wisconsin

*/s/ Amanda Quester (with permission)*
Amanda Quester*

14

*Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2810
kgradowski@riag.ri.gov
Rhode Island Bar No. 10871

*Counsel for the State of Rhode Island*

Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-8690
amanda.quester@wisdoj.gov

*Counsel for the State of Wisconsin*


**JOSH SHAPIRO**
*in his official capacity as Governor of the
Commonwealth of Pennsylvania*

Jennifer Selber
*General Counsel*

<u>*/s/ Aimee D. Thomson (with permission)*</u>
Aimee D. Thomson*
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(223) 234-4986
aimeethomson@pa.gov

*Counsel for Governor Josh Shapiro*

 *Admitted Pro Hac Vice*
 ** Pro Hac Vice application forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.

May 22, 2026                           */s/ Clinten N. Garrett*