**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| STATE OF ARIZONA, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br><br>   Defendants. | Case No. 3:26-cv-01609-VC |

**[Proposed] Stipulated Protective Order**

This Stipulated Protective Order ("Protective Order" or "Order") is agreed to this 12th day of June, 2026, by the parties in the above-captioned case.  The parties agree, and the Court orders, as follows:

1.  For purposes of the Protective Order, the term "Confidential Information" means:

   a.  any and all trade secrets, commercial, technical, manufacturing, financial, or other information that is not publicly known or able to be derived from public sources, and which is reasonably claimed as confidential information by (i) the parties, their affiliates or consultants; and/or (ii) non-parties, their affiliates and consultants,

   b.  information protected by the Privacy Act, 5 U.S.C. § 552a, including certain personally identifiable information; protected health information; and documents relating to a person's past, present, or potential future employment;

   c.  protected health information within the meaning of the Health Insurance Portability and Accountability Act of 1996 (HIPAA). *See* 45 C.F.R. § 160.103 (defining protected health information),

2

d.      personal financial, medical, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2,

e.      information subject to an obligation of confidentiality under agreements with non-parties, or

f.      any other data or information that is confidential pursuant to any other applicable federal and state laws, regulations, or requirements that Defendants identify to Plaintiffs

in the administrative records in the above-captioned case.

2.      Defendants have a statutory or regulatory obligation to protect Confidential Information, and nothing in this Protective Order shall be construed to limit the authority of the United States to undertake any action pursuant to applicable law or regulation.

3.      Documents that are part of the administrative records may be provided to Plaintiffs' counsel and the other individuals identified in paragraph 5 with Confidential Information unredacted. Such documents will be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on every page, and Plaintiffs' counsel and the other individuals identified in paragraph 5 shall treat the Confidential Information contained in such documents as confidential, subject to the procedures for filing documents with the Court provided in paragraph 4 and to the procedures for removing a confidential designation of particular documents provided in paragraph 6.

4.      Unless permitted by a court order secured after appropriate notice to all interested persons, no Confidential Information may be disclosed on the public court docket. A Party that seeks to file under seal any document containing Confidential Information must

3

comply with Civil Local Rule 79-5, with the following modification: Unless the entire document is confidential, the filing party must file a redacted version of the document on the public docket and an unredacted version of the document under seal with proposed redactions highlighted within seven days after initially filing the document under seal. The filing party may request to extend this seven-day period or modify this procedure for good cause.

5.      Confidential Information shall not be used by counsel for any purpose other than the prosecution of this action.  Confidential Information will not be furnished, shown, or disclosed to any person except:

a.      U.S. Department of Health and Human Services employees, agents, attorneys, or contractors;

b.      U.S. Department of Justice attorneys assigned to this case, as well as those attorneys' supervisor(s) and supporting personnel, including paralegals, IT personnel, and secretarial and clerical personnel;

c.      Attorneys employed by Plaintiffs, as well as their supporting personnel and contract vendors, including but not limited to paralegals, clerks, secretaries, IT personnel, copy vendors, and clerical personnel;

d.      Up to thirty-five (35) employees of Plaintiff state health or Medicaid agencies, Governor's offices, or other relevant state agencies, provided that such individuals shall not use any information disclosed under this Protective Order for any purposes other than this litigation;

e.      Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters;

4

f.       Retained experts to whom disclosure is reasonably necessary for this litigation, provided that such experts shall not use any information disclosed under this Protective Order for any purposes other than this litigation; and

g.       Any other person authorized to receive Confidential Information by order of the Court or by written agreement of the parties.

Except as provided in this paragraph, under no circumstances may the Confidential Information be made available to any other person or entity without a specific court order or upon written agreement of the parties.  Nothing herein shall be deemed to restrict any party or their counsel with respect to their own documents and information.

6.       In the event that Plaintiffs oppose a confidential designation of a particular document or documents within the administrative records, Defendants will review the confidential designation and, within five business days, remove the designation, remove the designation subject to the redaction of specific information within the document(s), or stand on the designation. The parties shall attempt to informally resolve any disputes over whether information is Confidential Information.  If the parties are unable to informally resolve all disputes regarding a confidential designation or the scope of the information that must be redacted in order to remove a confidential designation, Plaintiffs may seek intervention by the Court within five business days after meet-and-confer efforts have been exhausted on all disputed documents to determine whether such documents or information are entitled to protection.  The information shall be treated as confidential pending a ruling by the Court.

7.       Before disclosing Confidential Information to any persons identified in paragraphs 5(d), 5(f), or 5(g) above, counsel shall require such persons to read a copy of the Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as Exhibit

1, affirming that the recipient: (a) has read this Order and understands all of its terms; (b) agrees to abide by and to be bound by the terms of this Order; (c) agrees to submit to the Court's jurisdiction, for purposes of enforcement of this Order by proceedings for contempt and/or proceedings for legal and/or equitable relief, including damages, for a breach thereof.  Counsel shall retain such Confidentiality Agreement until such time as the litigation, including all appeals, is concluded and documents designated as Confidential Information have been destroyed pursuant to paragraph 11 below.  Counsel shall be responsible for providing a copy of this Order to all persons entitled to access Confidential Information under paragraphs 5(d), 5(f), or 5(g), and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated.

8.      This Order applies to Confidential Information belonging to non-parties, and nothing herein shall be construed as prohibiting a non-party from seeking additional protections. If Defendants are required to produce a non-party's confidential information and are subject to an agreement with the non-party not to produce that information, then Defendants shall:

a.      Promptly notify Plaintiffs and the non-party in writing that information required to be produced in this litigation is subject to a confidentiality agreement with a non-party;

b.      Promptly provide the non-party with a copy of this Stipulated Protective Order and a reasonably specific description of the information required to be produced; and

c.      Make such information available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, Defendants may produce the non-

6

party's confidential information in this litigation. If the non-party timely seeks a protective order, Defendants shall not produce any information in their possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Confidential Information.

9.      The inadvertent or unintended disclosure of Confidential Information shall not be deemed a waiver in whole or in part of the claim of confidentiality for any Confidential Information. Defendants may notify Plaintiffs that Confidential Information was inadvertently disclosed without first being marked as Confidential Information as described in Paragraph 3. Upon receipt of such notice, Plaintiffs shall immediately treat documents containing such information as if they had been properly designated as Confidential Information. Defendants shall produce versions of those documents that are marked as Confidential Information as described in Paragraph 3, and within five business days of such production, Plaintiffs shall destroy the versions of those documents inadvertently produced without that marking.

10.      Confidential Information may be offered at any court proceeding, provided that the proponent advises opposing counsel and the Court before revealing the information so that appropriate measures may be taken to secure the courtroom.  Any party may move the Court for an order that the information be received in camera or under other conditions to prevent unauthorized disclosure.

11.      Within 60 days after the final conclusion of all aspects of this litigation, Plaintiffs' counsel shall destroy documents in their possession designated as Confidential Information.  Plaintiffs' counsel shall make certification of compliance herewith and shall deliver the same to Defendants not more than 60 days after final termination of this litigation.

7

Plaintiffs' counsel, including any person who obtained access to Confidential Information pursuant to this Order, shall be barred from disclosing such information thereafter. Notwithstanding the above, Plaintiffs' counsel may retain archival copies of all confidential pleadings, motion papers, exhibits thereto, joint appendices filed with the Court, the administrative records, transcripts or other records of court proceedings, legal memoranda, correspondence, and work product. The terms of this Protective Order shall continue to apply to any such retained information.

12. Nothing in this Order shall prevent or otherwise restrict Plaintiffs' counsel from rendering advice to their clients, and, in the course thereof, relying generally on analysis performed based on any Confidential Information; provided, however, that in rendering such advice and otherwise communicating with such clients, Plaintiffs' counsel shall not disclose the Confidential Information except as permitted under paragraph 5. For the avoidance of doubt, no party shall seek to disqualify any attorney or law firm or any individual identified in paragraph 5 from representing their clients in any proceeding or with respect to any matter on the ground that such attorney, law firm, or individual identified in paragraph 5 received Confidential Information subject to this Protective Order.

13. The production or filing of Confidential Information in accordance with this Protective Order constitutes the disclosure of protected information pursuant to a court order under the Privacy Act and HIPAA. *See, e.g.*, 5 U.S.C. § 552a(b)(12). Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

14. The provisions of this Protective Order shall take effect immediately.

8

15.     This Protective Order shall govern all proceedings in this action.

16.     This Protective Order shall survive the termination of the case and is binding on all parties until further order of the Court.

17.     The provisions of this Protective Order may be modified at any time by the Court, upon its own motion or the motion of any party.

To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order.  The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

Respectfully submitted,                                    Respectfully submitted,


By: /s/ Isaac C. Belfer                                    **KRISTIN K. MAYES**
Isaac C. Belfer (D.C. Bar No. 1014909)                     Attorney General for the State of Arizona
Trial Attorney
Federal Programs Branch                                    /s/ Joshua D. Bendor (with
Civil Division                                             permission)
U.S. Department of Justice                                 Joshua D. Bendor*
1100 L Street, NW                                          *Solicitor General*
Washington, DC 20005                                       Clinten N. Garrett*
(202) 305-7134                                             Syreeta A. Tyrell*
(202) 514-8742 (fax)                                       Alexa G. Salas*
Isaac.C.Belfer@usdoj.gov                                   *Assistant Attorneys General*
                                                           Office of the Arizona Attorney General
*Attorney for Defendants*                                  2005 N. Central Ave.
                                                           Phoenix, Arizona 85004
Dated: June 12, 2026                                       Joshua.Bendor@azag.gov
                                                           Clinten.Garrett@azag.gov
                                                           Syreeta.Tyrell@azag.gov
                                                           Alexa.Salas@azag.gov

                                                           *Attorneys for the State of Arizona*

9

/s/ *Katherine Milton (with permission)*
Katherine Milton
Deputy Attorney General
Neli Palma
Senior Assistant Attorney General
Kathleen Boergers
Nimrod P. Elias
Supervising Deputy Attorneys General
Marnie G. Ganotis
Deputy Attorney General
455 Golden Gate Avenue
San Francisco, CA 94102-7004
(415) 229-0118
katherine.milton@doj.ca.gov
Neli.Palma@doj.ca.gov
Kathleen.Boergers@doj.ca.gov
Nimrod.Elias@doj.ca.gov
Marnie.Ganotis@doj.ca.gov

*Counsel for the State of California*

**Additional Plaintiffs' Counsel**

**PHILIP J. WEISER**
  Attorney General for the State of Colorado

/s/ *David Moskowitz (with permission)*
David Moskowitz*
Deputy Solicitor General
Nora Passamaneck*
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
david.moskowitz@coag.gov

*Attorneys for the State of Colorado*

**WILLIAM TONG**
Attorney General of Connecticut

/s/ *Shawn L. Rutchick (with permission)*
Shawn L. Rutchick*
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5210
Shawn.Rutchick@ct.gov

*Attorneys for Plaintiff State of Connecticut*

10

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

/s/ *Vanessa L. Kassab (with permission)*
Ian R. Liston*
Director of Impact Litigation
Vanessa L. Kassab*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Attorneys for Plaintiff State of Delaware*


**ANTHONY G. BROWN**
Attorney General of Maryland

/s/ *Michael Drezner (with permission)*
Michael Drezner*
 Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-6959
mdrezner@oag.state.gov

*Counsel for the State of Maryland*


**KEITH ELLISON**
Attorney General for the State of Minnesota

/s/ *Jennifer Moreau (with permission)*
Jennifer Moreau*
Brian S. Carter**
Assistant Attorneys General

**AARON M. FREY**
Maine Attorney General

/s/ *Kendall R. Schutzer (with permission)*
Kendall R. Schutzer*
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333
Tel.: 207-626-8452
Fax: 207-287-3145
Kendall.Schutzer@Maine.gov

*Attorneys for Plaintiff State of Maine*


**DANA NESSEL**
Attorney General of Michigan

/s/ *Neil Giovanatti (with permission)*
Neil Giovanatti*
*Assistant Attorney General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov

*Attorney for the State of Michigan*


**JENNIFER DAVENPORT**
Attorney General of New Jersey

/s/ *Joshua P. Bohn (with permission)*
Joshua P. Bohn*
Kevin Bui*
Amanda McElfresh*
*Deputy Attorneys General*
Office of the Attorney General

11

445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 757-1195
jennifer.moreau@ag.state.mn.us
brian.carter@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*


25 Market Street
Trenton, NJ 08625
(609) 696-5366
Joshua.Bohn@law.njoag.gov
Kevin.Bui@law.njoag.gov
Amanda.McElfresh@law.njoag.gov

*Counsel for the State of New Jersey*


**RAÚL TORREZ**
New Mexico Attorney General

*/s/ Justin McCarthy (with permission)*
Justin McCarthy*
Assistant Solicitor General
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
(505) 629-7741
jmccarthy@nmjoj.gov

*Attorney for State of New Mexico*


**DAN RAYFIELD**
Attorney General of Oregon

*/s/ Scott P. Kennedy (with permission)*
Scott P. Kennedy*
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
Scott.Kennedy@doj.oregon.gov

*Attorneys for Plaintiff State of Oregon*


**PETER F. NERONHA**
Attorney General of Rhode Island

*/s/ Kathryn T. Gradowski (with permission)*
Kathryn T. Gradowski*
*Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2810
kgradowski@riag.ri.gov
Rhode Island Bar No. 10871

*Counsel for the State of Rhode Island*


**JOSHUA L. KAUL**
Attorney General of Wisconsin

*/s/ Amanda Quester (with permission)*
Amanda Quester*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-8690
amanda.quester@wisdoj.gov

*Counsel for the State of Wisconsin*


**JOSH SHAPIRO**

12

*in his official capacity as Governor of the
Commonwealth of Pennsylvania*

Jennifer Selber
*General Counsel*

*/s/ Aimee D. Thomson (with permission)*
Aimee D. Thomson*
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(223) 234-4986
aimeethomson@pa.gov

*Counsel for Governor Josh Shapiro*

*Admitted Pro Hac Vice
** Pro Hac Vice application forthcoming

SO ORDERED.

Dated:     June 17, 2026

Vince Chhabria
Judge, United States District Court

13