**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STATE OF ARIZONA, *et al.*,<br>Plaintiffs,<br>v.<br>ROBERT F. KENNEDY, JR., *et al.*,<br>Defendants. | Case No. 3:26-cv-01609-VC<br>**Joint Case Management Statement** |

The parties have limited their Joint Case Management Statement to the issues that remain relevant to this action.[1]

## I. Plaintiffs' amended complaint.

On September 8, 2026, the Court denied Defendants' motion to dismiss for lack of standing as to Plaintiffs' claims relating to the CDC's December 2025 hepatitis B recommendation and the CDC's January 2026 immunization schedule, but granted the motion as to Plaintiffs' claims focused on the ACIP's reconstitution and the ACIP's December 2025 hepatitis B recommendation, while granting Plaintiffs leave to amend their complaint. On October 2, 2026, Plaintiffs filed a First Amended Complaint ("FAC") that seeks to establish their standing to assert the dismissed claims. ECF No. 96.

## II. Motions.

Defendants' response to the FAC is currently due October 16, 2026. *See* Fed. R. Civ. P. 15(a)(3) (allowing 14 days to respond to an amended pleading). Defendants intend to file a

[1] The Court previously converted the Initial Case Management Conference to a status conference and excused the parties from deadlines that are inapplicable in an Administrative Procedure Act ("APA") action. *See* 5/5/26 Scheduling Stipulation (ECF No. 66); 5/6/26 Order Granting Scheduling Stipulation (ECF No. 68).

motion to dismiss the FAC to the extent it seeks to assert claims that the Court dismissed. The parties' positions on appropriate next steps and scheduling are as follows:

**<u>Plaintiffs' Position</u>**

As before, Plaintiffs believe that judicial efficiency militates towards resolving all remaining disputed issues on cross-summary judgment motions. *See* Civ. L.R. 16-5 (providing for plaintiffs to file summary judgment motion to resolve APA action). This efficiency benefit is now particularly strong because issues relating to ACIP's reconstitution will remain in the case through summary judgment, irrespective of whether the reconstitution is at issue as a standalone claim or as an action leading to the hepatitis B decision. *See* 5 U.S.C. § 704 ("A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.").

However, in the event the Court permits a Rule 12 motion, the motion should again be limited to standing issues because, as the Court previously recognized, all other issues can efficiently be addressed on summary judgment. *See* 5/29/26 Tr. 22:4-14 ("Committed to agency action stuff. I mean, all that stuff is so intertwined with, you know, what's going to be argued on summary judgment."). This is especially true now, given that at least two of Plaintiffs' claims have survived the pleadings stage and Defendants will presumably be making their additional arguments on summary judgment regardless of what happens with the ACIP claims.

If the Court permits a Rule 12 motion, Plaintiffs do not oppose Defendants' proposed schedule below.

**<u>Defendants' Position</u>**

**A. The Court Should Resolve Defendants' Motion to Dismiss the FAC and Continue to Defer Summary Judgment Briefing**

At the May 29, 2026, Status Conference, the Court agreed with Defendants that it would

be most efficient to resolve Defendants' motion to dismiss before proceeding to summary judgment, rejecting Plaintiffs' proposal to proceed to summary judgment immediately after production of the administrative records ("ARs"), ECF No. 69 at 2–5. By first resolving Defendants' motion to dismiss, "[e]ither the case will be dismissed, or we'll be . . . even more ready to roll if and when the stay is lifted in the First Circuit" in *American Academy of Pediatrics, et al. v. Kennedy, et al*. ("*AAP*"), No. 1:25-cv-11916-BEM (D. Mass.), *on appeal*, No. 26-1503 (1st Cir.); 5/29/26 Tr. 12:19–21. Thus, the Court stayed this case apart from the production of the ARs, the entry of a protective order, and Defendants' motion to dismiss. 5/29/26 Tr. 16:1–7, 18:13–16. It told Defendants, "You don't need to file a motion to stay now. You know . . . how we're going to proceed." *Id.* 18:21–23.

There is no reason to deviate from that approach. As in May 2026, the stay in *AAP* remains in effect and continues to protect Plaintiffs from any alleged harm. There is no need to rush to summary judgment while the *AAP* stay is in place and fundamental jurisdictional issues remain unresolved. The Court's decision on Defendants' motion to dismiss the FAC will determine whether Plaintiffs' ACIP claims remain, and with the scope of the case clarified, the parties will be "even more ready to roll if and when the [*AAP*] stay is lifted in the First Circuit." 5/29/26 Tr. 12:19–21. Moreover, even if Plaintiffs will make arguments about the ACIP's reconstitution in the course of challenging the Hepatitis B recommendations (as they suggest above), it is still efficient to resolve at the motion-to-dismiss stage whether Plaintiffs may assert a standalone challenge to the ACIP reconstitution itself. Among other things, that could impact what relief is available. Thus, following the approach the Court adopted at the May 29, 2026, Status Conference, the Court should resolve Defendants' motion to dismiss the FAC and should continue to defer summary judgment briefing while the stay in *AAP* remains in effect.

### B. The Court Should Permit Defendants' Motion to Dismiss to Address All Available Defenses Under Rules 12(b)(1) and 12(b)(6)

For Defendants' original motion to dismiss, the Court directed that the motion address only standing. 5/29/26 Tr. 22:22–23:8. Because Defendants' motion to dismiss the FAC will be limited to Plaintiffs' ACIP claims (specifically, Plaintiffs' challenges to the ACIP appointments and the ACIP's Hepatitis B recommendations), it would be efficient and appropriate for the Court to resolve all of Defendants' defenses to those claims under Rules 12(b)(1) and 12(b)(6) at the motion-to-dismiss stage.

Defendants' threshold defenses, including that the ACIP appointments are not "final agency action[s]," 5 U.S.C. § 704, and are "committed to agency discretion by law," *id.* § 701(a)(2), turn on the statutory text and the nature of the challenged actions, not on any disputed facts, and can be resolved without resort to the administrative record. *See, e.g.*, *Ctr. for Pol'y Analysis on Trade & Health (CPATH) v. Off. of U.S. Trade Representative*, 540 F.3d 940, 944–45 (9th Cir. 2008), *as amended* (Oct. 8, 2008) (holding that the Federal Advisory Committee Act's "fairly balanced" requirement "is committed to agency discretion by law" and unreviewable under the APA because there are "no meaningful standards to apply" and it presents "a political question that is best left to the other branches of government"). These defenses, if accepted, could be dispositive of Plaintiffs' ACIP claims in their entirety, and the Court should resolve them before considering the administrative record, since success on a threshold defense "likely would eliminate the need" for examination of an administrative record. *In re United States*, 583 U.S. 29, 31–32 (2017) (per curiam) (holding that the district court erred by not "first resolv[ing] the Government's threshold arguments," including that the challenged action "is unreviewable because it is 'committed to agency discretion,'" before resolving administrative record disputes (quoting 5 U.S.C. § 701(a)(2)). Resolving threshold defenses at the motion-to-dismiss stage would promote efficiency

and avoid unnecessary downstream disputes, and would ensure the parties are "even more ready to roll if and when the [*AAP*] stay is lifted in the First Circuit." 5/29/26 Tr. 12:19–21.

**C. The Court Should Adopt Defendants' Proposed Briefing Schedule**

Defendants respectfully request that the Court set the following briefing schedule:

10/22 Defendants' Motion to Dismiss

11/12 Plaintiffs' Opposition

11/25 Defendants' Reply

This schedule represents a slight extension of the default time limits: 20 days for Defendants' motion to dismiss (rather than 14 days), 21 days for Plaintiffs' Opposition (rather than 14 days), and 13 days for Defendants' Reply (rather than 7 days). This schedule would provide adequate time for the parties to brief the issues and for internal review of drafts, while ensuring briefing is completed before Thanksgiving, 11/26.

**III. The administrative record.**

**<u>Plaintiffs' Position</u>**

Defendants produced nonconfidential portions of the administrative record on June 5 and portions that they contend are confidential on June 24. The Court previously invited the parties to "just schedule a case management conference with [the Court] at any time" to resolve disputes concerning the administrative record. 5/29/26 Tr. at 21:16-18. Plaintiffs have conferred with Defendants over their designation of ordinary resumes and CVs of ACIP members as "confidential" under the parties' protective order (ECF No. 76). Notwithstanding the Court's invitation to raise disputes concerning the AR, Defendants have asserted that the case is "stayed" and refused to address the substance of their designations. Defendants also claim that disputes concerning the ACIP reconstitution are "moot" in light of the Court's September 8 Order. But Plaintiffs have now amended their complaint, and ACIP's reconstitution is relevant to the hepatitis

B decision irrespective of the reconstitution claim's disposition.

Further, while Defendants are dismissive of confidentiality concerns below, this case is of significant public importance, and Defendants should not be able to shield matters from the public or frustrate Plaintiffs' efficient litigation of the case through improper confidentiality designations.

Plaintiffs are continuing to review the AR and anticipate raising additional issues with Defendants, including with respect to the completeness of the AR. Plaintiffs' therefore request the Court's guidance regarding the timing and presentation of any AR disputes.

**<u>Defendants' Position</u>**

As discussed above, at the May 29, 2026, Status Conference, the Court stayed this case apart from the production of the ARs, the entry of a protective order, and Defendants' motion to dismiss. Tr. 16:1–7, 18:13–16, 21–23. Any disputes regarding the contents of the ARs are stayed. Although the Court invited the parties to "schedule a case management conference" if they "run into any issues with" the production of the ARs, *id.* 21:13–18, it did not invite disputes about the contents of the ARs during the partial stay.

In their statement above, Plaintiffs do not challenge the completeness of the ARs, but only the *confidentiality designations* of certain AR documents. These documents were produced to Plaintiffs under the Stipulated Protective Order, ECF No. 76, and thus Plaintiffs' counsel can review them in preparation for any future summary judgment briefing. Resolving Plaintiffs' confidentiality disputes is not necessary to ensure that the parties are "ready to roll if and when the [*AAP*] stay is lifted in the First Circuit." 5/29/26 Tr. 12:19–21. Thus, there is no need to resolve these disputes while the *AAP* stay remains in place.[2]

---

[2] In addition to being premature, Plaintiffs' challenges to Defendants' confidentiality designations are meritless because the information at issue is protected by the Privacy Act. 5 U.S.C. § 552a. Defendants may elaborate on this point in future motion practice.

Additionally, all the documents whose confidentiality Plaintiffs challenge are in the AR for the ACIP reconstitution. But the Court dismissed Plaintiffs' ACIP claims for lack of standing. ECF No. 84 at 4–5. Although the FAC attempts to resurrect those claims, Defendants will move to dismiss them, explaining why, among other things, Plaintiffs have failed to overcome the deficiencies identified in the Court's Order. *See id.* Any disputes about the AR for the ACIP reconstitution should not be heard before the Court resolves Defendants' forthcoming motion to dismiss and determines whether the ACIP claims are properly part of this case. *See In re United States*, 583 U.S. at 31–32.

## IV. Related Case: *American Academy of Pediatrics, et al. v. Kennedy, et al.*, No. 26-1503 (1st Cir.).

In *American Academy of Pediatrics, et al. v. Kennedy, et al.*, the district court (1) "stay[ed] the January 2026 Memo revising the CDC's childhood immunization schedule pursuant to 5 U.S.C. § 705"; (2) "stay[ed] the appointments of the thirteen ACIP members appointed on June 11, 2025, September 11, 2025, and January 13, 2026"; and (3) "stay[ed] all votes taken by the now-stayed ACIP." ECF No. 291 at 45, Case No. 1:25-cv-11916-BEM (D. Mass. Mar. 16, 2026). The government appealed only the stay of the ACIP appointments, not the stay of the January 2026 Memo or the stay of the ACIP votes. On October 6, 2026, the First Circuit heard oral argument.

The district court in *AAP* has stayed proceedings "until the Court of Appeals issues a decision." ECF No. 354, Case No. 1:25-cv-11916-BEM (D. Mass. Sept. 11, 2026).

## V. Alternative Dispute Resolution ("ADR")

Pursuant to Civil Local Rule 16-10(d), the parties report that they do not believe that ADR would be productive because the parties have legal disagreements about the Court's subject-matter jurisdiction and the merits of Plaintiffs' APA claims that will not be resolved through ADR. *See*

ECF No. 66 at 2.

October 9, 2026

**KRISTIN K. MAYES**
Attorney General for the State of Arizona

/s/ *Clinten N. Garrett*
Joshua D. Bendor*
*Solicitor General*
Clinten N. Garrett*
Syreeta A. Tyrell*
Alexa G. Salas*
*Assistant Attorneys General*
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004
Joshua.Bendor@azag.gov
Clinten.Garrett@azag.gov
Syreeta.Tyrell@azag.gov
Alexa.Salas@azag.gov

*Attorneys for the State of Arizona*

**ROB BONTA**
Attorney General for the State of California

/s/ *Katherine Milton (with permission)*
Katherine Milton
Deputy Attorney General
Neli Palma
Senior Assistant Attorney General
Kathleen Boergers
Nimrod P. Elias
Supervising Deputy Attorneys General
Marnie G. Ganotis
Deputy Attorney General
455 Golden Gate Avenue

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Director

JAMES W. HARLOW
Senior Trial Counsel

*/s/ Isaac C. Belfer (with permission)*
ISAAC C. BELFER (D.C. Bar No. 1014909)
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
(202) 305-7134
(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov

*Counsel for Defendants*

San Francisco, CA 94102-7004
(415) 229-0118
katherine.milton@doj.ca.gov
Neli.Palma@doj.ca.gov
Kathleen.Boergers@doj.ca.gov
Nimrod.Elias@doj.ca.gov
Marnie.Ganotis@doj.ca.gov

*Counsel for the State of California*

**Additional Plaintiffs' Counsel**

**PHILIP J. WEISER**
Attorney General for the State of Colorado

/s/ *David Moskowitz (with permission)*
David Moskowitz*
Deputy Solicitor General
Nora Passamaneck*
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
david.moskowitz@coag.gov

*Attorneys for the State of Colorado*

**WILLIAM TONG**
Attorney General of Connecticut

/s/ *Shawn L. Rutchick (with permission)*
Shawn L. Rutchick*
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5210
Shawn.Rutchick@ct.gov

*Attorneys for Plaintiff State of Connecticut*

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

/s/ *Vanessa L. Kassab (with permission)*
Ian R. Liston*
Director of Impact Litigation
Vanessa L. Kassab*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street

**AARON M. FREY**
Maine Attorney General

/s/ *Kendall R. Schutzer (with permission)*
Kendall R. Schutzer*
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333
Tel.: 207-626-8452

Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Attorneys for Plaintiff State of Delaware*

Fax: 207-287-3145
Kendall.Schutzer@Maine.gov

*Attorneys for Plaintiff State of Maine*

**ANTHONY G. BROWN**
Attorney General of Maryland

*/s/ Michael Drezner (with permission)*
Michael Drezner*
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-6959
mdrezner@oag.state.gov

*Counsel for the State of Maryland*

**DANA NESSEL**
Attorney General of Michigan

*/s/ Neil Giovanatti (with permission)*
Neil Giovanatti*
*Assistant Attorney General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov

*Attorney for the State of Michigan*

**KEITH ELLISON**
Attorney General for the State of Minnesota

*/s/ Jennifer Moreau (with permission)*
Jennifer Moreau*
Brian S. Carter**
Assistant Attorneys General
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 757-1195
jennifer.moreau@ag.state.mn.us
brian.carter@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

**JENNIFER DAVENPORT**
Attorney General of New Jersey

*/s/ Joshua P. Bohn (with permission)*
Joshua P. Bohn*
Kevin Bui*
Amanda McElfresh*
*Deputy Attorneys General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
(609) 696-5366
Joshua.Bohn@law.njoag.gov
Kevin.Bui@law.njoag.gov
Amanda.McElfresh@law.njoag.gov

*Counsel for the State of New Jersey*

**RAÚL TORREZ**
Attorney General for the State of New Mexico

/s/ Ben Osborn (with permission)
Ben Osborn*
Senior Counsel
New Mexico Department of Justice
201 3rd St NW #300
Albuquerque, NM 87102
bosborn@nmjoj.gov

*Attorney for State of New Mexico*

**LETITIA JAMES**
Attorney General of New York

/s/ Mark Ladov (with permission)
Mark Ladov**
*Special Counsel*
Rabia Muqaddam**
*Chief Counsel for Federal Initiatives*
Andres Ivan Navedo
*Assistant Attorney General*
28 Liberty St.
New York, NY 10005
(212) 416-8240
mark.ladov@ag.ny.gov
rabia.muqaddam@ag.ny.gov
ivan.navedo@ag.ny.gov

*Attorneys for the State of New York*

**DAN RAYFIELD**
Attorney General of Oregon

/s/ Scott P. Kennedy (with permission)
Scott P. Kennedy*
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
Scott.Kennedy@doj.oregon.gov

*Attorneys for Plaintiff State of Oregon*

**PETER F. NERONHA**
Attorney General of Rhode Island

/s/ Kathryn T. Gradowski (with permission)
Kathryn T. Gradowski*
*Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2810
kgradowski@riag.ri.gov
Rhode Island Bar No. 10871

*Counsel for the State of Rhode Island*

**JOSHUA L. KAUL**
Attorney General of Wisconsin

/s/ Amanda Quester (with permission)

**CHARITY R. CLARK**
Attorney General for the State of Vermont

/s/ Ryan Patrick Kane (with permission)

Amanda Quester*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-8690
amanda.quester@wisdoj.gov

*Counsel for the State of Wisconsin*

Ryan Patrick Kane**
Deputy Solicitor General
109 State Street
Montpelier, VT 05609
(802) 828-3171
Ryan.Kane@vermont.gov

*Counsel for the State of Vermont*

**JOSH SHAPIRO**
*in his official capacity as Governor of the Commonwealth of Pennsylvania*

Jennifer Selber
*General Counsel*

*/s/ Aimee D. Thomson (with permission)*
Aimee D. Thomson*
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(223) 234-4986
aimeethomson@pa.gov

*Counsel for Governor Josh Shapiro*

**Admitted Pro Hac Vice*
*** Pro Hac Vice application forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.

October 9, 2026 *<u>/s/ Clinten N. Garrett</u>*